Johnson, C. J.
This question not only involves, but depends, upon the construction of section 2260 of the Revised Statutes, which reads as follows :
“ When a municipal corporation makes an appropriation of land for any purpose specified in this chapter, and fails to pay for or take possession of the same within six months after the assessment of compensation shall have been made, as here-inbefore provided, the right of the corporation to make such *248 appropriation on tbe terms of the assessment so made, shall cease and determine ; and any lands so appropriated shall be relieved from all incumbrance on account of the proceedings in such case, or the resolution of the council mating the appropriation ; and the judgment or order of the court, directing such assessment to be paid, shall cease to be of any effect, except as to the costs adjudged against the corporation.”
Keeping in mind the fact that private property, though inviolate,'is always subservient to the public welfare, such a construction is to be avoided as will release this private property from its liability to be taken for public use if the necessity ever arises.
Section 2260, in express terms provides, that in case of failure for six months to pay the compensation assessed, the right of the corporation to take the property on those terms, shall cease, the lands shall be released, and the judgment or order shall no longer home any effect, except as to costs, &c. By the very explicit terms of this section, the former proceedings are to have no other effect than as a judgment for costs. Any other construction would forever release this property from sub-serviency to this public use however great the emergency.
The same principles that would govern if this was a municipal corporation, control the case in behalf of the plaintiff.
The record contains no intimation that the failure to take the property under the former assessment was for the purpose of getting it at a lower rate.
For aught that appears, there was no objection to the amount'of the former assessment, and that the failure to then pay may have arisen from other causes.
The suggestion therefore that this is simply a device to harass the property owner, and get the property at a lower price is dehors the record, and the remarks of counsel as to want of good faith, are not in point.
We hold therefore that upon the case as made the former proceedings, are no bar.

Judgment reversed and cause remanded.